UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ABDULAHAD NASRI            Case No. 18-40448
                                                  Hon. MARK A. RANDON
                                                  CHAPTER 13

_____/

## MOTION FOR APPOINTMENT OF NEXT FRIEND

       Now comes the Debtor, Abdulahad Nasri, by and through attorney, Jesse R. Sweeney, and hereby bring(s) this motion for the appointment of a next friend pursuant to F.R.B.P. 1016 and state(s) as follows:

1. That the Debtor has filed for relief under Chapter 13 of the bankruptcy code on or around January 13, 2018;

2. That the original date and time for the 341 Meeting of Creditors hearing is February 23, 2018 at 9:00 a.m.;

3. As Arabic is the Debtor's primary language, he has executed a Power of Attorney (attached as Exhibit 1), allowing his brother, Akram Nasri, to act as his attorney in fact.

4. Akram Nasri has essentially been acting as power of attorney in-fact for his brother for years including in his prior bankruptcy case, No.: 15-45801.

5. It is necessary that this honorable Court appoint Akram Nasri as next friend, as the Debtor is unable to understand the proceedings due to a language barrier and Akram Nasri has intimate knowledge of the Debtor's financial affairs and property that he will be able to testify and/or sign pleadings on the Debtor's behalf;

6. That pursuant to F.R.Bankr.P. 1016, this Court may appoint a next friend for the prosecution of the within petition "if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred;"

7. That Akram Nasri is appointed next friend of the Debtor and can act on the Debtor's behalf on all matters the Debtor can act, including but not limited to: signing pleadings, testifying at the 341 Meeting of Creditors, and any other court hearings, and providing intimate knowledge of the Debtor's financial affairs.

8. that the Debtor, Abdulahad Nasri, will be present along with his next friend, Akram Nasri, at the 341 First Meeting of Creditors.

9. That both Debtor and his next friend will bring their driver's licenses or state identification

and original Social Security number verification to the 341 First Meeting of Creditors hearing.

Wherefore Debtor prays that this court appoint as next friend to act on all matters to which the Debtor can act.

DATE: 1/30/2018

Respectfully Submitted,

/s/Jesse R. Sweeney
Jesse R. Sweeney (P60941)
Sweeney Law Offices, P.L.L.C.
Attorney for Debtor
30700 Telegraph Road, Suite 1675
Bingham Farms, MI 48025
(586) 909-8017
Sweeneylaw2005@yahoo.com

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ABDULAHAD NASRI            Case No. 18-40448
                                                  Hon. MARK A. RANDON
                                                  CHAPTER 13

_____/

## ORDER GRANTING MOTION FOR APPOINTMENT OF NEXT FRIEND

This matter having come on for consideration based upon the filing of a Motion for Appointment of Next Friend Pursuant to F.R.Bankr.P. 1016, and the Court having found that the proposed Motion is in accordance with law;

NOW THEREFORE IT IS HEREBY ORDERED that Akram Nasri is appointed next friend of the Debtor and can act on the Debtor's behalf on all matters the Debtor can act, including but not limited to: signing pleadings, testifying at the 341 Meeting of Creditors, and any other court hearings, and providing intimate knowledge of the Debtor's financial affairs.

IT IS FURTHER ORDRED that the Debtor, Abdulahad Nasri, will be present along with his next friend, Akram Nasri, at the 341 First Meeting of Creditors.

IT IS FURTHER ORDRED that both the Debtor, Abdulahad Nasri, and his next friend, Akram Nasri, will both bring their driver's licenses or state identification and original Social Security number verification to the 341 First Meeting of Creditors.

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ABDULAHAD NASRI  Case No. 18-40448
 Hon. MARK A. RANDON
 CHAPTER 13

_____/

**NOTICE OF APPLICATION FOR APPROVAL OF MOTION FOR APPOINTMENT OF NEXT FRIEND**

Abdulahad Nasri has filed papers with the court to approve appointment of a next friend.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to appoint a next friend, or if you want the court to consider your views on the Motion, within <u>fourteen (14)</u> days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court, 211 W. Fort St., Detroit, MI 48226**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Jesse R. Sweeney, 25140 Lahser Rd., Ste. 252-B, Southfield, MI 48033

Krispen S. Carroll, Chapter 13 Trustee, 719 Griswold St., Ste. 100, Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: 1/30/2018  /s/ Jesse R. Sweeney
 Sweeney Law Offices, PLLC
 Jesse R. Sweeney (P60941)
 25140 Lahser Rd., Ste. 252-B
 Southfield, MI 48033
 517-947-8017
 sweeneylaw2005@gmail.com

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

# DURABLE POWER OF ATTORNEY

I, **ABDULAHAD M. NASRI**, a resident of Oakland County, Michigan, designate the following individuals as my Attorney in Fact (the Agent) to serve consecutively in the order they appear.

AKRAM M. NASRI A/K/A EDDIE M. NASRI

RAFFI OHONIAN

ALVART OHONIAN

I authorize said Agent(s) subject to the following terms and conditions:

1. **Authority to act.** The Agent is authorized to act as a fiduciary for me under this power of attorney and shall exercise all powers in my best interests and for my welfare.
2. **Powers of the Agent.** The Agent may perform any act and exercise any power with regard to my property and affairs that I could do personally, including exercising all of the specific powers set forth below:
    a. **Collection and management.** Collect, hold, maintain, improve, invest, lease, or otherwise manage any or all of my real or personal property or any interest in it.
    b. **Buying and selling.** Purchase, sell, mortgage, grant options, or otherwise deal in any way with any real property, including real property described on the attached schedule; personal property, tangible or intangible; or any interest in it, on whatever terms the Agent considers to be proper, including the power to buy U.S. Treasury Bonds that may be redeemed at par; to pay federal estate tax; and to sell or transfer treasury securities.
    c. **Borrowing.** Borrow money, execute promissory notes, and secure any obligation by mortgage or pledge.
    d. **Business.** Conduct and participate in any kind of lawful business of any nature, including the right to sign partnership agreements; continue, reorganize, merge, consolidate, recapitalize, close, liquidate, sell, or dissolve any business; and vote, assign, sell, or transfer stock, including the exercise of any stock options and the carrying out of any buy-sell agreement.
    e. **Banking.** Receive and endorse checks and other negotiable paper and deposit and withdraw funds (by check or withdrawal slip) that I now have on deposit or to which I may be entitled in the future, in or from any bank, savings and loan, or other

institution.

f. **Tax returns and reports.** Prepare, sign, and file separate or joint income, gift, and other tax returns and other governmental reports and documents; consent to any gift; file any claim for a tax refund; and represent me in all matters before the Internal Revenue Service.
g. **Safe-deposit boxes.** Have access to and remove any property or papers from any safe-deposit box registered in my name alone or jointly with others.
h. **Proxy rights.** Act as my Agent or proxy for any stocks, bonds, shares, or other investments, rights, or interests I may hold now or in the future.
i. **Government benefits.** Apply to any governmental agency for any benefit or government obligation to which I may be entitled.
j. **Employment benefits.** Make, exercise, waive, or consent to any and all elections and/or options that I may have regarding any benefits provided or available to me through my employment.
k. **Legal and administrative proceedings.** Engage in any administrative or legal proceedings or lawsuits in connection with any matter under this power.
l. **Life insurance.** Exercise any incidents of ownership I may possess with respect to policies of insurance, except policies insuring the life of my Agent.
m. **Transfers in trust.** Transfer any interest I may have in property, whether real or personal, tangible or intangible, to the trustee of any trust that I have created for my benefit.
n. **Employment of Agents.** Employ and compensate Agents, accountants, attorneys, real estate brokers, and other professionals for services rendered and waive any attorney-client privilege and any other privilege that I may have.
o. **Restrictions on the Agent's powers.** Regardless of the above statements, my Agent (1) may not execute a will, a codicil, or any will substitute on my behalf; (2) may not change the beneficiary on any life insurance policy that I own; (3) may not make gifts on my behalf; and (4) may not exercise any powers that would cause assets of mine to be considered taxable to my Agent or to my Agent's estate for purposes of any income, estate, or inheritance tax.
p. **Real property powers.** Contract, option, purchase, acquire, receive, improve, maintain, repair, insure, plat, partition, safeguard, lease, grant, sell, assign, release, redeem, exchange, convey, and mortgage real property and any interests therein (including any interest that I hold with any other person as joint tenants with full rights of survivorship or as tenants by the entireties), on such terms and conditions as my Agent shall determine.
q. **Banking powers.** Establish accounts of all kinds, with financial institutions of any kind, including, but not limited to, banks, credit unions, savings and loans, and thrift institutions; modify, terminate, make deposits to, and write checks on or make withdrawals from and grant security interests in all accounts, in my name, or to which I am an authorized signatory (except accounts held by me in a fiduciary capacity), whether or not any such account was established by me or for me by my Agent; negotiate, endorse, or transfer any checks or other instrument with respect to any such accounts; contract for any services rendered by any financial institution.

r. **Settlement powers.** Adjust, settle, compromise, or submit to mediation or arbitration any matters that now exist or that may arise between me, or my Agent, and any other person(s) or involving any of my property interest of any kind.
s. **Legal actions.** Institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial, or administrative matters involving me.
t. **Dividends.** Receive all dividends that are or shall be payable on any and all shares of stock in any corporation that I own or to which I may be beneficially entitled or elect to reinvest such dividends.
u. Exercise all powers and rights I have, including but not limited to, to purchase, maintain, surrender, collect, transfer ownership, cancel, pay all insurance premiums, select any options, increase coverage, borrow against, pursue all claims, adjust losses, designate and change beneficiaries, decrease coverage, or cancel and receive and dispose of cash value with respect to: (a) life insurance of any kind in which I have an interest; (b) annuities of any kind in which I have an interest; (c) liability insurance; (d) hospital insurance, medical insurance, Medicare supplemental insurance, long term care insurance, and disability income insurance for me or any of my dependents; and (e) casualty insurance.
v. **Disclaim, renounce, release, or abandon property interests.** Renounce and disclaim any property or interest in property or powers to which, for any reason and by any means, I may become entitled, whether by gift, testate, or intestate succession; release or abandon any property or interest in property or powers which I may now or later own, including any interests in or rights over trusts (including the right to alter, amend, revoke, or terminate) and exercise any right to disclaim an elective share in any estate or under any will. In exercising such discretion, my Agent may take into account such matters that shall include, but shall not be limited to, any reduction in estate or inheritance taxes on my estate, and the effect of such renunciation or disclaimer on persons interested in my estate and persons who would receive the renounced or disclaimed property.
w. **Debts and expenses.** Pay, compromise, and settle any and all bills, loans, notes, or other forms of indebtedness owed by me or that may be owed by me or incurred by my Agent for my benefit at any time in the future; and incur and pay from any of my assets or property all reasonable expenses in connection with the control, management, and supervision of my property and the maintenance, support, care, and comfort of myself and those dependent on me, including reasonable compensation for the services of my Agent and fees and charges of such Agents, attorneys, accountants, or others who my Agent may employ in the management of any of my affairs.
x. **Investments.** Invest and reinvest in loans, stocks, bonds, securities, real estate, life insurance, annuities, or endowment policies or combinations thereof or in any other investment that my Agent may deem appropriate; deal with and give instructions to any financial entity with respect to the purchase, sale, or other disposition of investment assets; add assets to or withdraw assets from any account in my name and sign any representation, certification, or agreement, including agreements regarding margin, option trading, or commodities accounts, that my Agent may deem

appropriate.
   y. **Incidental powers.** In connection with the exercise of the powers described herein, my Agent is fully authorized and empowered to perform any acts and to execute and deliver any documents, instruments, and papers that are necessary, appropriate, incident, or convenient to such exercise, including, without limitation, the following:
   Seek on my behalf and at my expense
        i. a declaratory judgment from any court of competent jurisdiction interpreting the validity of this document and any of the acts authorized by this document, but such declaratory judgment shall not be necessary for my Agent to perform any act authorized by this document;
        ii. a mandatory injunction requiring compliance with my Agent's instructions by any person, organization, corporation, or other entity obligated to comply with instructions given by me; and
        iii. actual and punitive damages against any person, organization, corporation, or other entity, obligated to comply with instructions given by me, who negligently or willfully fails or refuses to follow my Agent's instructions.
        iv. Incur costs on my behalf, if my Agent has that authority, and render the bills for such costs to any Agent of mine who has been granted the authority to pay such costs or to any trustee of any revocable living trust of mine or conservator who has authority to pay such costs, and the recipient thereof (i.e., my Agent with authority to pay or my trustee) shall promptly pay such costs.
        v. Open, read, respond to, and redirect my mail and represent me before the U.S. Postal Service in all matters relating to mail service.
        vi. Establish, cancel, continue, or initiate my membership in organizations and associations of all kinds.
        vii. Take and give or deny custody of all of my important documents, including, but not limited to, my will, codicils, trust agreements, deeds, leases, life insurance policies, contracts, and securities and disclose or refuse to disclose such documents.
        viii. Obtain and release or deny information or records of all kinds relating to me, any interest of mine, or to any person for whom I am responsible.
        ix. House or provide for housing, support, and maintenance of any animals or other living creatures that I may own and contract for and pay the expenses of their proper veterinary care and treatment, and, if the care and maintenance of such animals or other living creatures shall become unreasonably expensive or burdensome in my Agent's opinion, irrevocably transfer such animals to some person or persons willing to care for and maintain them.
   z. **Authority in Agent to appoint successor Agent.** Appoint a successor Agent or Agents by a writing executed with the formalities of this document, to which it shall be attached. The successor Agent or Agents shall serve with the same powers given my original Agent unless otherwise limited by the appointing document. The successor Agent or Agents shall be empowered to act as specified in the appointing

document.
- aa. **Transfers to irrevocable trust.** Direct the trustee of any trust of which I am the grantor, and make transfers of trust assets, income, and/or principal, without consideration, to the trustee of any irrevocable trust of which I am the grantor.
- bb. **Create a trust.** Create and execute an irrevocable trust agreement on such terms and conditions as my Agent shall deem appropriate, with such trustee or trustees as my Agent shall select, which trust may be for my benefit, for the benefit of my spouse, or any of my descendants; transfer to the trustee of the trust agreement created by my Agent any of my property or interests in property (including any rights to receive income from any source); and execute such instruments or documents to effect the transfers described herein as may be necessary, appropriate, incidental, or convenient. My Agent may restrict or prevent trust assets and income from being used for my benefit, provided, however, that the distributional provisions after my death shall be substantially similar to and consistent with my estate planning documents then existing, except for the deletion of my spouse as a beneficiary, if necessary for Medicaid eligibility purposes. I understand that the creation of such a trust may result in my being unable to have access to or the benefit of such trust assets and the income therefrom for my support, maintenance, care, and comfort; nevertheless, I specifically authorize my Agent to create such a trust, which decision shall be in my Agent's sole and uncontrolled discretion.
- cc. **Create or amend.** Create or amend a trust for my benefit and for the benefit of my spouse or any of my descendants, on such terms and conditions as my Agent shall deem appropriate, provided, however, that the distributional provisions after my death shall be substantially similar to and consistent with my estate planning documents then existing, except for the deletion of my spouse as a beneficiary, if necessary for Medicaid eligibility purposes.
- dd. **Powers of appointment.** Exercise or refrain from exercising any power of appointment.
- ee. **Support of dependents.** Disburse funds as may be necessary, in the sole discretion of my Agent, for the maintenance and support, and to meet any emergencies, of persons dependent in whole or in part on me.
- ff. **Rights in spouse's estate.** Make or waive any elections and claims or waive any allowances available to me in my spouse's estate or trust following my spouse's death. During my spouse's lifetime, my Agent may waive my rights to any elections and/or allowances by entering into a written agreement with my spouse.
- gg. **Resign fiduciary position.** Resign any fiduciary position that I hold, or to which I have been or may be appointed, with or without accounting or formal or informal settlement.
- hh. **Withdraw income or principal from a trust.** Withdraw and/or receive, on my behalf, income and/or principal of a trust to which I may be entitled.
- ii. **Government benefit qualification.** Exercise and perform any act to qualify me or my spouse (if applicable) for any governmental benefit program, including the power to divest assets and convert assets into ones that are exempt under government rules and regulations.

jj. **Education savings account.** Establish and contribute to an education savings account, or accounts, pursuant to §529 of the Internal Revenue Code (IRC 529), for the benefit of any "member of my family", as such term is defined by Treasury Regulations, as well as exercise all rights and powers of an account owner under the terms of the plan agreement and §529 of the Internal Revenue Code or Treasury Regulations.

kk. **Estate and gift tax planning.** I authorize my Agent to make gifts of my assets (whether or not such assets are held in a revocable trust created by me or my Agent pursuant to this Power) to any individuals, other than any individual I have disinherited in my then current testamentary plan, especially to take advantage of the federal estate and gift tax annual exclusion, (and/or to any charities), provided that I have previously made gifts to such donee, or such donee is a beneficiary under my most recently executed Will or Living Trust (as determined by my Agent), or such donee is otherwise a natural object of my bounty. My Agent, however, shall make no gift: (i) to said Agent that would exceed the largest amounts not considered to have been appointed as a release by reason of an annual and non-cumulative lapse of a power under Section 2514(e) of the Internal Revenue Code of 1986, as amended, any percentage described therein being relative to the value of all of my assets; or (ii) that would have the effect of discharging said Agent's legal obligation of support. In addition, gifts to my Agent may only be made if substantially identical gifts are simultaneously made to others similarly situated, exclusive of any donee whose receipt of a gift would supplant or replace any government benefits that are being or would be provided absent a gift.

ll. **Government benefits planning.** I authorize my Agent to appoint a special Agent who, relative to my Agent, is not a related or subordinate party as described in Section 672 of the Internal Revenue Code of 1986, as amended, to make gifts of my assets to the parties previously described in this Section m. (whether or not such assets are held in a revocable trust created by me or my Agent pursuant to this Power) if, in my Agent's judgment, the gift of such assets will qualify me for government benefits and increase the amount of my estate which will be received by my heirs.

3. **Protection for Agent.** No Agent named in or substituted under this document shall incur any liability to me for acting or refraining from acting under it, except for such Agent's own willful misconduct or gross negligence.

4. **Durability.** This power of attorney is not affected by my subsequent disability or incapacity, or by the lapse of time, and it shall continue in effect until my death or until I revoke it in writing. The Agent shall have no duty to act and shall incur no liability to me or to my estate for failing to take any action under this power of attorney before receiving written notice from me requesting the Agent to act or, alternatively, receiving written notice that, in the opinion of two licensed physicians, I am unable to act due to either disability or incapacity, in which case the Agent shall immediately begin to act.

5. **Reliance by third parties.** Third parties may rely on the representations of the Agent in all matters regarding powers granted to the Agent. No person who acts in reliance on the representations of the Agent or the authority granted under this power of attorney shall incur any liability to me or to my estate for permitting the Agent to exercise any power before

Durable Power of Attorney of ABDULAHAD M. NASRI
Page 6 of 11

18-40448-mar    Doc 16    Filed 01/30/18    Entered 01/30/18 17:20:54    Page 10 of 15

actual knowledge that the power of attorney has been revoked or terminated by operation of law or otherwise.
6. **Indemnification of the Agent.** No Agent named or substituted in this power shall incur any liability to me for acting or refraining from acting under this power, except for that Agent's own misconduct or negligence.
7. **Original counterparts.** Photocopies or facsimile reproductions of this signed power of attorney shall be treated as original counterparts.
8. **Revocation.** I revoke any previous power of attorney that I may have given to deal with my property and affairs as stated in this document.
9. **Compensation.** The Agent shall be reimbursed for reasonable expenses incurred while acting as Agent and may receive reasonable compensation for acting as Agent.
10. **Governing Law.** This document shall be governed by the laws of the State of Michigan.
11. **Appointment of fiduciary by court.** I nominate the any Agent serving under this Durable Power of Attorney to serve as guardian over my person and conservator over my estate if a protective proceeding over my person or estate is commenced after the execution of this power of attorney.

Dated: July 7, 2015

/s/ _____
**ABDULAHAD M. NASRI**

Witness 1

Dated: July 7, 2015

/s/ _____
Print Name: Andrew Stamper

Witness 2

Dated: July 7, 2015

/s/ _____
Print Name: Lindsay Wallace

STATE OF MICHIGAN     )
                      ) SS
COUNTY OF OAKLAND     )

The foregoing instrument was acknowledged before me this July 7, 2015 by ABDULAHAD M. NASRI.

Subscribed and sworn to before me

_____
Andrew Stamper, Notary Public
Acting in the County of Oakland
Commission Expires 4/11/2018

ANDREW STAMPER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires April 11, 2018
Acting in the County of OAKLAND

Drafted by:

The Nakisher Law Firm, PLLC
414 W. Fifth Street
Royal Oak, Michigan 48067
(248) 398-1800

# Acknowledgment of Duties Under a Durable Power of Attorney

I, AKRAM M. NASRI A/K/A EDDIE M. NASRI, have been appointed as the Attorney in Fact for **Abdulahad M. Nasri**, the principal, under a Durable Power of Attorney dated **JULY 7, 2015**. By signing this document, I acknowledge that if and when I act as Attorney in Fact, all of the following apply:

1. Except as provided in the Durable Power of Attorney, I must act in accordance with the standards of care applicable to fiduciaries acting under durable powers of attorney.

2. I must take reasonable steps to follow the instructions of the principal.

3. On the request of **Abdulahad M. Nasri**, I must keep the principal informed of my actions. I must provide an accounting to **Abdulahad M. Nasri** on the request of the principal, to a guardian or conservator appointed on behalf of the principal on the request of that guardian or conservator, or pursuant to judicial order.

4. I cannot make a gift from the principal's property, unless provided for in the durable power of attorney or by judicial order.

5. Unless provided in the Durable Power of Attorney or by judicial order, I, while acting as Attorney in Fact, will not create an account or other asset in joint tenancy between the principal and me.

6. I must maintain records of my transactions as Attorney in Fact, including receipts, disbursements, and investments.

7. I may be liable for any damage or loss to **Abdulahad M. Nasri**, and may be subject to any other available remedy, for a breach of fiduciary duty owed to the principal. In the durable power of attorney, the principal may exonerate me of any liability to the principal for a breach of fiduciary duty except for actions committed by me in bad faith or with reckless indifference. An exoneration clause is not enforceable if inserted as the result of my abuse of a fiduciary or confidential relationship to the principal.

8. I may be subject to civil or criminal penalties if I violate my duties to the principal.

Dated:_____     /s/_____
                                  AKRAM M. NASRI A/K/A EDDIE M. NASRI

## Acknowledgment of Duties Under a Durable Power of Attorney

I, RAFFI OHONIAN, have been appointed as the Attorney in Fact for **Abdulahad M. Nasri**, the principal, under a Durable Power of Attorney dated **JULY 7, 2015**. By signing this document, I acknowledge that if and when I act as Attorney in Fact, all of the following apply:

1. Except as provided in the Durable Power of Attorney, I must act in accordance with the standards of care applicable to fiduciaries acting under durable powers of attorney.

2. I must take reasonable steps to follow the instructions of the principal.

3. On the request of **Abdulahad M. Nasri**, I must keep the principal informed of my actions. I must provide an accounting to **Abdulahad M. Nasri** on the request of the principal, to a guardian or conservator appointed on behalf of the principal on the request of that guardian or conservator, or pursuant to judicial order.

4. I cannot make a gift from the principal's property, unless provided for in the durable power of attorney or by judicial order.

5. Unless provided in the Durable Power of Attorney or by judicial order, I, while acting as Attorney in Fact, will not create an account or other asset in joint tenancy between the principal and me.

6. I must maintain records of my transactions as Attorney in Fact, including receipts, disbursements, and investments.

7. I may be liable for any damage or loss to **Abdulahad M. Nasri**, and may be subject to any other available remedy, for a breach of fiduciary duty owed to the principal. In the durable power of attorney, the principal may exonerate me of any liability to the principal for a breach of fiduciary duty except for actions committed by me in bad faith or with reckless indifference. An exoneration clause is not enforceable if inserted as the result of my abuse of a fiduciary or confidential relationship to the principal.

8. I may be subject to civil or criminal penalties if I violate my duties to the principal.

Dated:_____     /s/_____
                                      RAFFI OHONIAN

## Acknowledgment of Duties Under a Durable Power of Attorney

I, ALVART OHONIAN, have been appointed as the Attorney in Fact for **Abdulahad M. Nasri**, the principal, under a Durable Power of Attorney dated **JULY 7, 2015**. By signing this document, I acknowledge that if and when I act as Attorney in Fact, all of the following apply:

1. Except as provided in the Durable Power of Attorney, I must act in accordance with the standards of care applicable to fiduciaries acting under durable powers of attorney.

2. I must take reasonable steps to follow the instructions of the principal.

3. On the request of **Abdulahad M. Nasri**, I must keep the principal informed of my actions. I must provide an accounting to **Abdulahad M. Nasri** on the request of the principal, to a guardian or conservator appointed on behalf of the principal on the request of that guardian or conservator, or pursuant to judicial order.

4. I cannot make a gift from the principal's property, unless provided for in the durable power of attorney or by judicial order.

5. Unless provided in the Durable Power of Attorney or by judicial order, I, while acting as Attorney in Fact, will not create an account or other asset in joint tenancy between the principal and me.

6. I must maintain records of my transactions as Attorney in Fact, including receipts, disbursements, and investments.

7. I may be liable for any damage or loss to **Abdulahad M. Nasri**, and may be subject to any other available remedy, for a breach of fiduciary duty owed to the principal. In the durable power of attorney, the principal may exonerate me of any liability to the principal for a breach of fiduciary duty except for actions committed by me in bad faith or with reckless indifference. An exoneration clause is not enforceable if inserted as the result of my abuse of a fiduciary or confidential relationship to the principal.

8. I may be subject to civil or criminal penalties if I violate my duties to the principal.

Dated:_____  /s/_____
ALVART OHONIAN

Durable Power of Attorney of ABDULAHAD M. NASRI
Page 11 of 11

18-40448-mar    Doc 16    Filed 01/30/18    Entered 01/30/18 17:20:54    Page 15 of 15